**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CLEMENT COOPER,**                                     **CASE NO. 2:06-cv-718**
                                                                    **JUDGE HOLSCHUH**
         **Petitioner,**                                     **MAGISTRATE JUDGE KING**

**v.**

**WARDEN, NOBLE CORRECTIONAL
     INSTITUTION,**

         **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition, respondent's return of writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that all of petitioner's claims, with the exception of his claim of ineffective assistance of counsel due to his attorney's failure to file an appeal, be **DISMISSED.** The Magistrate Judge **RECOMMENDS** that petitioner be appointed counsel to represent him at an evidentiary hearing on his claim of ineffective assistance of counsel due to his attorney's failure to file an appeal.

**I.  PROCEDURAL HISTORY**

Petitioner was indicted by the May 2003 term of the Franklin County grand jury on one count of attempted murder, in violation of O.R.C. §2923.02, and two counts of felonious assault, in violation of O.R.C. §2903.11, with specifications. Exhibit 1 to Return of Writ. On March 1, 2003, and while represented by counsel, petitioner pleaded guilty to one count of felonious assault with a firearm specification. Exhibit 3 to Return of Writ. On May 19, 2004, the trial court sentenced petitioner to seven years incarceration, plus three years for use of a firearm. Exhibit 4 to Return of

Writ. Petitioner never filed a timely appeal; however, on February 16, 2006, petitioner filed a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A), in which he alleged that he directed his attorney to file an appeal, but that his attorney failed to do so. Exhibit 6 to Return of Writ. On March 23, 2006, the appellate court denied petitioner's motion for delayed appeal. Exhibit 9 to Return of Writ. Petitioner filed a timely appeal to the Ohio Supreme Court. He raised the following proposition of law:

> The lower courts have deprived me of the relief in which this court mandates [sic].

Exhibit 11 to Return of Writ. On August 2, 2006, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Exhibit 13 to Return of Writ. On September 8, 2004, petitioner filed a motion for modification of sentence with the state trial court. Petitioner asserted that the charges at issue were the result of an accident, and that his attorney erred in failing to provide the trial court with an instruction addressing that issue. Petitioner also requested leniency. Exhibit 14 to Return of Writ. Apparently, the trial court never issued a decision on that motion. *See Return of Writ*, at 3. On December 1, 2004, petitioner filed a petition for post conviction relief in the state trial court. Petitioner asserted that the evidence was insufficient to sustain his conviction, that he was denied the effective assistance of counsel due to his attorney's failure to investigate or conduct research, and that he was denied due process as a result of prosecutorial misconduct. Exhibit 16 to Return of Writ. On September 14, 2005, petitioner moved for judgment by default. Exhibit 18 to Return of Writ. Apparently, however, the trial court has never issued a decision on petitioner's post conviction petition.

On August 22, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of

the Constitution of the United States based upon the following grounds:

> 1. The court of Franklin County has denied me the equal protection rights to have the right to access the courts.
>
> 2. Denial of effective counsel.
>
> 3. My sentence is contrary to the law and the constitution.
>
> 4. Denied my right to appeal.

It is the position of the respondent that petitioner's claims are procedurally defaulted or without merit.

## II. PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a

state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

According to respondent, petitioner has procedurally defaulted claims two through four by failing to file a timely appeal. This Court disagrees. In *Deitz v. Money*, 391 F.3d 804, 810 (6th Cir. 2004), the United States Court of Appeals for the Sixth Circuit held that Ohio's Appellate Rule 5(A), the provision governing delayed appeals in the state appellate courts, does not constitute an adequate ground to bar federal habeas corpus review. Respondent nonetheless argues that *Deitz* was wrongly decided and urges the Court instead to follow *Smith v. Ohio Dept. of Rehabilitation and Corrections*, 463 F.3d 426 (6th Cir. 2006), citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), to conclude that petitioner's claims are procedurally defaulted. *Return of Writ*, at 14-15. In In *Smith v. Ohio Dept. of Rehabilitation and Corrections, supra,* the United States Court of Appeals for the Sixth Circuit held that the Ohio Supreme Court's denial of review under Ohio Supreme Court Rule II § 2(A)(4)(a), which governs delayed appeals to the Ohio Supreme Court, constitutes an adequate procedural ground upon which to foreclose federal habeas review. However, this Court is bound

4

by *Deitz*, which dealt with the precise state procedural rule at issue here, i.e., Ohio's Appellate Rule 5(A). *Smith v. Ohio Dept. of Rehabilitation* and *Corrections, supra,* 463 F.3d at 431-32, which involved the Ohio Supreme Court's denial of a motion for delayed appeal under Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a), is not applicable to this case.

### III.  MERITS

### A.  CLAIM ONE

In claim one, petitioner asserts that he has been denied equal protection and the right of access to the courts because the state trial court failed to issue a decision on his state post conviction petition. This claim fails to present an issue appropriate for federal habeas corpus relief. "[E]rror committed during state post-conviction proceedings cannot provide a basis for federal habeas relief." *Alley v. Bell*, 307 F.3d 380, 386-87 (6th Cir. 2002), citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986).

> A state court's delay in deciding a *direct* appeal may give rise to a due process claim. *Mullins v. Allen,* 134 F.3d 371, 1997 WL 809976 (6th Cir.1997). *See also Harris v. Champion,* 15 F.3d 1538, 1556 (10th Cir.1994); *Allen v. Duckworth,* 6 F.3d 458, 459-60 (7th Cir.1993). A delay in receiving post-conviction review in state court, however, is not a ground for federal habeas corpus relief. *Jackson v. Duckworth,* 112 F.3d 878, 880 (7th Cir.1997) ( "[D]elay in receiving a ruling on a discretionary state collateral appeal is not a ground for federal habeas corpus relief.") (citation and internal quotation omitted).

*Clark v. McLemore*, 291 F.Supp.2d 535, 541-42 (E.D. Mich. October 14, 2003).

> States "have no obligation to provide" post-conviction review under the Constitution. *Pennsylvania v. Finley,* 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (citation omitted). Since states are not required to provide such review, federal courts have held that challenges to a state's post-conviction procedures are not cognizable as independent claims in habeas corpus proceedings, "unless state

5

>
> collateral review violates some independent constitutional right, such as the Equal Protection Clause." *Montgomery v. Meloy,* 90 F.3d 1200, 1206 (7th Cir.1996). This is because such claims "address collateral matters and not the underlying state conviction giving rise to the prisoner's incarceration." *Kirby v. Dutton,* 794 F.2d 245, 247, 248 (6th Cir.1986). *See also Body v. Watkins,* 51 Fed.Appx. 807, 810, 2002 WL 31323856 (10th Cir.2002) (holding that "state post-conviction delays do not give rise to independent due process claims that are cognizable under § 2254 ").
>
> \*\*\*
>
> Habeas relief may be appropriate in the context of a challenge to a state's post-conviction review if the state's conduct violated an "independent constitutional right, such as the Equal Protection Clause." *Montgomery,* 90 F.3d at 1206. In this case, Petitioner simply asserts that the delay violated his right to equal protection. He provides no support or explanation for this conclusory allegation. Such a conclusory allegation does not advance a cognizable equal protection claim. *Id.*

*Id.*, at 542.

Claim one is without merit.

### B.  CLAIM TWO

In claim two, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress evidence or to argue that petitioner was innocent and that there was insufficient evidence to sustain petitioner's convictions, and failed to object to petitioner's sentence as "contrary to law." *Petition*, at 5.  Petitioner also asserts that he was denied the effective assistance of counsel because his attorney failed to file a timely appeal; this latter allegation will be discussed, *infra,* with claim four.

Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea

is limited to "the nature of the advice and the voluntariness of the plea, not the existence of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973).

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id*., at 267. "[A] guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States,* 394 U.S. 459, 466 (1969).

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, at 267. The two-part test of counsel ineffectiveness announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill,* 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

7

Where a petitioner alleges that his attorney improperly failed to file a motion to suppress evidence prior to the guilty plea, he

> must show that a suppression motion had merit, and that if the motion had been granted, he would not have pled guilty and would have insisted on his right to stand trial. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985).

*Brooks v. Edwards,* 96 F.3d 1448, unpublished, 1996 WL 506505 (6th Cir. June 5, 1996); *see also United States v. Hanley,* 906 F.2d 116, 1121 (6th Cir. 1990)(no ineffective assistance where motion to suppress would likely have been futile); *Maness v. United States*, 234 F.3d 1269, unpublished, 2000 WL 1562792 (6th Cir. October 10, 2000)(same). Petitioner has failed to meet this standard here. He neither identifies the evidence that should have been suppressed, nor indicates the basis for the motion to suppress. Further, the record fails to reflect that, but for the ineffective assistance of counsel, he would not have pled guilty and would have proceeded to trial. *See Hill v. Lockhart, supra*.

The record reflects that the trial court explicitly advised petitioner of all the rights he was waiving by pleading guilty, of the potential penalties he faced, including the three year mandatory term on the firearm specification, and of the elements of the offense to which he was pleading guilty. *Transcript,* March 1, 2004, *Exhibit 19 to Return of Writ*, at 3-5. Petitioner at all times indicated that he understood and had no questions. He denied being under the influence of alcohol, drugs, or medication. The prosecutor summarized the facts of the case as follows:

> On Wednesday, July 11, 2003, approximately 12:30 p.m., the defendant was at 228 East 8th Avenue, drove up near 340 East 11th Avenue in a blue station wagon. A second male identified as the victim, Marshawn McNeal, was located at that location, here in Franklin County, Ohio. He was sitting on the porch at 342 East 11th

> Avenue. There was an exchange of words between the two. The defendant left in the car.
>
> About 10 minutes later he drove back up, pulled up with a chrome-colored semi-automatic handgun with him. Mr. McNeal saw Mr. Cooper with the gun and started running westbound on East 11th. Mr. Cooper fired one shot through the rear passenger window of his car, then he got out of the car, was chasing Mr. McNeal down the street firing three more shots. One of those shots was an aired shot and that shot struck a 13 year old boy identified as Ian Conley in the neck. He was transported to the hospital in guarded condition.
>
> The police finally caught up with Mr. Cooper in a residence. He was hiding in a closet. Again, this did occur in Franklin County, Ohio.

*Id*., at 6-7.

Nothing in the record reflects that the prosecution would have been unable to prove the charges against petitioner, or prove that petitioner was guilty of the greater offense of attempted murder, with which petitioner was charged, rather than the lesser offense of felonious assault, to which petitioner pled guilty. Although petitioner argues that he shot Ian Conley, who was apparently a bystander, by accident, *see Motion for Modification of Sentence*, Exhibit 14 to Return of Writ, under Ohio law,

> under the doctrine of transferred intent, an offender who intentionally acts to harm someone but ends up accidentally harming another is criminally liable as if the offender had intended to harm the actual victim. *See State v. Solomon* (1981), 66 Ohio St.2d 214, 217, 20 O.O.3d 213, 421 N.E.2d 139; *State v. Sowell* (1988), 39 Ohio St.3d 322, 332, 530 N.E.2d 1294.

*In re T.K.*, 109 Ohio St.3d 512, 514 (2006). This Court recognizes that, had plaintiff proceeded to trial, he could arguably not have been convicted and sentenced on all of the charges against him

9

under O.R.C. §2941.25, Ohio's statute on allied offenses of similar import.  *See State v. Stallings*, 1994 WL 362108 (Ohio App. 9 Dist. July 13, 1994)(sustaining defendant's convictions on multiple counts of felonious assault where defendant "could see the crowd of people into which he was shooting and knew, or should have known, people would be harmed"), but distinguishing *State v. Cartellone* (1981), 3 Ohio App.3d 145 (1981) and *State v. Buck* , 3 Ohio App.3d 349 (1982):

> In *Cartellone,* convictions for three counts of felonious assault were reduced to one in accordance with R.C. 2941.25 where the shooter intended to hit only one victim but charges were brought with respect to two bystanders. The bystanders were not hurt, and the shooter did not know they were there when he fired. In *Buck,* only one shot was fired at three individuals. Both *Cartellone* and *Buck* were decided pursuant to R.C. 2941.25(B), with both courts concluding that only one animus was proven by the State.

*State v. Stallings, supra*.  Still, by pleading guilty, petitioner substantially reduced his prison exposure.  As mentioned *supra*, the record does not reflect that the prosecution would have been unable to prove the charges against petitioner.  Under these circumstances, it is unlikely that competent counsel would have advised petitioner not to plead guilty.  Further, the trial court did not impose the maximum possible term of eight years, despite the fact that a 13 year old bystander had been injured as a result of petitioner's actions.

At sentencing, defense counsel advised the Court that petitioner had no significant criminal history.  Defense counsel also stated:

> This is a situation wherein a running battle, bully situation with this other young man, Marshawn McNeal, the other young man had been threatening to kill him, and it had been going on for quite a period of time.  I believe the day in question, that as Mr. Cooper was driving down the street it's his position Mr. McNeal put his life in danger by pointing a gun at him and he believed was about to shoot him.  A gun battle ensued and an innocent young man was struck by a bullet.

10

> ... Mr. Cooper hopes and prays that this young man is doing okay, and I think he's always been remorseful for what happened to this young man who had nothing to do with nothing.

*Id.*, at 4 [sic]. Petitioner stated:

> I just wish none of this would have really happened. It wasn't really supposed to.
>
> \*\*\*
>
> It wasn't even supposed to go like that, you know.

*Id.*, at 5.

Petitioner contends that he was denied the effective assistance of counsel because his attorney failed to object to his sentence as "contrary to law," *Petition,* at 5, presumably in violation of *Blakely v. Washington,* 542 U.S. 296 (2004). This claim likewise fails. Petitioner was sentenced on May 14, 2004, prior to the Supreme Court's decision in *Blakely*. Therefore, defense counsel was not unreasonable in failing to anticipate *Blakely*, or in failing to object to petitioner's sentence as violative of *Blakely. See Green v. United States,* 65 F.3d 546, 551 (6th Cir.1995) (no ineffective assistance of counsel for failing to predict *Blakely* ); *United States v. Gonzalez-Lerma,* 71 F.3d 1537, 1542 (10th Cir.1995); *Nelson v. Estelle,* 642 F.2d 903, 908 (5th Cir.1981); *Conley v. United States,* 2005 WL 1420843 (W.D.Mich. June 15, 2005)(same).

Claim two is without merit.

### C. CLAIM THREE

In claim three, petitioner asserts that his sentence violates *Blakely* because he was sentenced

to more than the minimum statutory term although he had not previously served a prison term and because he was sentenced to three years on the firearm specification even though use of a firearm had not been established beyond a reasonable doubt. *Petition*, at 6.

As discussed, *supra*, the trial court sentenced petitioner on May 14, 2004. *See Sentencing Transcript*, Exhibit 20 to Return of Writ; *Judgment Entry*, Exhibit 4 to Return of Writ. Petitioner's sentence became final thirty days later, on June 14, 2004, when the time period expired to file a timely appeal. *See Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6 (1987). *See also Teague v. Lane,* 489 U.S. 288 (1989); *Caspari v. Bohlen,* 510 U.S. 383, 390 (1994).

The Supreme Court issued its decision in *Blakely* after that date, on June 24, 2004. The United States Court of Appeals for the Sixth Circuit has held that *Blakely* is not retroactively applicable to cases on collateral review. *Humphress v. United States,* 398 F.3d 855, 863 (6th Cir.2005). Therefore, because petitioner's conviction became final prior to the Supreme Court's decision in *Blakely*, *Blakely* does not provide petitioner the relief that he seeks.

The Court further notes that petitioner was convicted on the firearm specification pursuant to his guilty plea. Petitioner admitted to a use of a firearm when he entered his guilty plea. *Blakely* does not prohibit a sentence that is based on facts "admitted by the defendant." *Blakely v. Washington,* 542 U.S. at 303.

Claim three is without merit.

### D.  CLAIM FOUR

In claim four, petitioner asserts that he was denied his right to appeal. Petitioner also asserts that he was denied the effective assistance of counsel because his attorney failed to file an appeal, despite petitioner's request that he do so.

12

> The Constitution is violated if a convicted defendant is not given the right to appeal "by reason of his lack of knowledge of his right and the failure of his counsel or the court to advise him of his right to appeal with the aid of counsel." *Jacobs v. Mohr,* 265 F.3d 407, 419 (6th Cir.2001) (citing *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir.1970)). The defendant has ultimate authority in making certain fundamental determinations pertaining to his case, including the right to appeal. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The authority to pursue an appeal, even one following a guilty plea, is the defendant's alone. *Marrow v. United States,* 772 F.2d 525, 530 (9th Cir.1985).

*Wolfe v. Randle,* 267 F.Supp.2d 743, 747 (S.D. Ohio 2003).

Although the transcript of petitioner's sentence and guilty plea do not indicate that the trial court advised petitioner of his right to appeal his sentence, petitioner signed an Entry of Guilty Plea form which indicates:

> I understand that I can appeal as a matter of right from my plea and sentence within thirty days of the filing of my judgment of conviction.

Exhibit 3 to Return of Writ. Further, petitioner stated in support of his February 16, 2006, motion for delayed appeal that he had advised his attorney to file an appeal, but that his attorney failed to do so.

> [S]o I had to perfect it myself, which I tried thr[ough] a post conviction [and] state hab[eas]. And have not got[ten] anywhere, and me doing this on my own after I told my attorney to do so is ineffective counsel in the interest of myself [and] denies me access to the court.

Exhibit 5 to Return of Writ. Thus, the record reflects that petitioner was aware of his right to appeal and the time limits for filing an appeal, yet failed to perfect his appeal within the thirty day period required under Ohio law.

However, the failure of an attorney to file a timely appeal upon the defendant's request

constitutes ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak,* 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner,* 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis,* 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart,* 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

*Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)*; cf. Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Petitioner therefore has alleged facts which, if true, may entitle him to relief.

Citing *Deitz v. Money, supra*, 391 F.3d at 811, respondent nonetheless contends that petitioner's allegation of ineffective assistance of counsel is not supported in sufficient detail to warrant an evidentiary hearing. Respondent takes the position that petitioner must to submit his own affidavit as well as an affidavit from his counsel, if possible. *Return of Writ*, at 21-22. Again, respondent's argument is not persuasive.

14

In *Deitz v. Money, supra*, the petitioner waited four years before filing his motion for delayed appeal in the state appellate court, alleging (as petitioner does here) that his attorney failed to file a timely appeal despite petitioner's request that he do so. The Sixth Circuit held:

> Deitz has set forth sufficient reasons for his failure to file a direct appeal. Deitz's memorandum in support of his motion for the filing of a delayed appeal describes in considerable detail his claim of ineffective assistance of counsel and, as noted earlier, an attorney's failure to file a requested appeal constitutes a per se violation of the Sixth Amendment. Given that Deitz's claim of ineffective assistance of counsel is not procedurally defaulted, that he has alleged facts that can establish cause for his failure to file a direct appeal, and that prejudice would be presumed, he is entitled to habeas relief if he can in fact prove that he asked his attorney to file a timely appeal and that the attorney failed to do so.

*Id.* at 811.. The Sixth Circuit remanded the case to the District Court for consideration of the merits of the petitioner's claim. *Id*.

However, nothing in *Deitz v. Money* stands for the proposition that a petitioner must allege particular details or submit an affidavit from trial counsel prior to an evidentiary hearing in federal habeas corpus proceedings on a claim of ineffective assistance of counsel for failure to file an appeal. Further, petitioner has already submitted an affidavit in support of his allegation in his motion for delayed appeal to the state appellate court. *See* Exhibit 5 to Return of Writ. Requiring the submission of an affidavit from defense counsel, moreover, will likely result only in a factual dispute the resolution of which will require an evidentiary hearing. It is just such a hearing that the Court anticipates.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that all of petitioner's claims, with the exception of his claim of ineffective assistance of counsel for alleged failure to file an appeal, be **DISMISSED.** The Magistrate Judge **RECOMMENDS** that an evidentiary hearing,

15

at which petitioner is represented by appointed counsel, be held on his claim of ineffective assistance of counsel due to his attorney's alleged failure to file an appeal.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


July 5, 2007                                                              *s/Norah McCann King*
                                                                          Norah McCann King
                                                                          United States District Judge